Vasquez-Ramos v. Barr

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand nineteen.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

MARTHA LUZ VASQUEZ-RAMOS, JOHAN HASSEL DIAZ-VASQUEZ, JUSTIN GEOVANY DIAZ-VASQUEZ,
> *Petitioners,*

v.                                                17-3466
                                                  NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Hamdan Qudah, Esq., Paterson, NJ.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Martha Luz Vasquez-Ramos, Johan Hassel Diaz-Vasquez, Justin Geovany Diaz-Vasquez, natives and citizens of Honduras, seek review of a September 25, 2017 decision of the BIA affirming a March 20, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Martha Luz Vasquez-Ramos, Johan Hassel Diaz-Vasquez, Justin Geovany Diaz-Vasquez,* No. A 206 885 839/840/841 (B.I.A. Sept. 25, 2017), *aff'g* No. A 206 885 839/840/841 (Immig. Ct. Hartford Mar. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). Vasquez-Ramos claimed

2

asylum and withholding of removal based on her membership in a particular social group, which she defined as Honduran single mothers who are business owners in Campo Sol with municipally issued business permits. The agency did not err in finding that this proposed social group was not socially distinct, and that Vasquez-Ramos did not show that the harm she suffered was on account of her membership in the proposed group.

To demonstrate her eligibility for asylum and withholding of removal, Vasquez-Ramos had to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or w[ould] be at least one central reason for" her persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 347-48 (B.I.A. 2010). For her group to constitute a particular social group, it had to be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 196. The agency did not err in

3

finding that Vasquez-Ramos's proposed social group of Honduran single mothers who are business owners in Campo Sol with municipally issued business permits was not cognizable.

Vasquez-Ramos failed to demonstrate that her proposed group was socially distinct in Honduran society. The country conditions evidence demonstrates that gang extortion is common in Honduras and affects a large cross-section of the population beyond women and business owners. "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007); *see id.* (upholding BIA determination that that the group of "affluent Guatemalans" failed the social distinction requirement because it would not be recognized as a group at a greater risk of crime, extortion, or robbery).

Additionally, Vasquez-Ramos's testimony reflected that business owners bore the brunt of gang activity in her hometown but that all residents suffered from gang violence.

4

She testified further that the gang extorted other business owners, including those outside her proposed group.  A fear of "general crime conditions" is not a cognizable ground for asylum.  *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).  Vasquez-Ramos did not assert that the gang members mentioned her status as a woman, single mother, business owner, or municipal permitholder when they threatened her. She provided no evidence that she was targeted because of those characteristics.  *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 232 ("[A] 'particular social group' cannot be defined exclusively by the claimed persecution, . . . it must be 'recognizable' as a discrete group by others in the society, and . . . it must have well-defined boundaries.").

Vasquez-Ramos's failure to establish either a cognizable social group or that the characteristics of the proposed group were a central reason for her past harm or fear of future harm is dispositive of her claims for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Because she has not challenged the denial of CAT relief either before the BIA or in her briefing here, any challenge to that determination is both unexhausted and waived.  *See Karaj v.*

5

*Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court